IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARAH M. SIMON,

                Plaintiff,              OPINION AND ORDER

    v.

                                                     18-cv-909-wmc

COOPERATIVE EDUCATIONAL SERVICE AGENCY #5,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In advance of the final pretrial conference scheduled for this Tuesday, January 21, 2020, the court issues the following opinion and order on the parties' motions in limine, although to the extent both sides now want the question of liability decided at a bench trial, the remaining disputes addressed below would be largely moot.

OPINION

I. Plaintiff's Motions in Limine (dkt. #33)

A. Motion in Limine #1: What, if any, employment the Plaintiff applied for or in which she expressed interest (other than her pre-injury position) when she returned to work following her concussion.

Defendant does not object to this motion, except to argue that if granted, plaintiff "should be similarly prohibited from presenting evidence, testimony, or argument that CESA 5 did not offer her, or ask her to apply for, two similar Alternative Program Teacher positions for the 2017- 2018 school year." (Def.'s Opp'n to Pl.'s MIL (dkt. #44) 2.) Defendant contends that this reciprocal restriction is appropriate because, after previously claiming that defendant violated the FMLA by not considering her or hiring her for the two Alternative Program Teacher positions, Simon has since advised the court that she no

longer intends to pursue that claim. (*Id.*) Accordingly, the court will tentatively grant plaintiff's motion, with the additional restriction that neither party may present evidence that CESA 5 did not offer Simon, or ask her to apply for, the 2017-2018 Alternative Program Teacher positions, subject to further argument by plaintiff, if any, during the Final Pretrial Conference ("FPTC").

B. **Motion in Limine #2: What, if any, income Plaintiff earned following the Defendant's non-renewal of her District employment.**

Defendant "does not object to the requested restriction as long as Plaintiff is similarly precluded from presenting any evidence or testimony to the jury regarding monetary damages." (*Id.*) As discussed below, the court is granting defendant's unobjected motion prohibiting plaintiff from presenting evidence regarding money damages. Plaintiff's second motion in limine will therefore be granted.

C. **Motion in Limine #3: What, if any, wage, benefit, or other loss of compensation Plaintiff suffered after her post-concussion return to work, whether during or after the District non-renewed her employment.**

As with plaintiff's second motion in limine, defendant does not object to this motion "as long as Plaintiff is similarly precluded from presenting any evidence or testimony to the jury regarding monetary damages." (*Id.*) Because the court will grant defendant's motion regarding the exclusion of any evidence of money damages, effectively assuring this reciprocity, the court will also grant plaintiff's motion.

2

**D. Motion in Limine #4: Any medical or other testimony offered to prove that Plaintiff was physically, emotionally or mentally restricted from performing her duties in the REACH program on or after November 23, 2016.**

Defendant indicates that it is "not planning on offering testimony or medical evidence to 'prove' that Plaintiff was physically, emotionally, or mentally restricted from performing her duties at REACH after November 23, 2016." (*Id.* at 3.) However, defendant clarifies that it "should in no way be restricted from presenting evidence and testimony as to its reasons and thought processes for its decision to not return Plaintiff to REACH following her workplace injury, which may include testimony that relates to Plaintiff's medical issues." (*Id.*) Since defendant's clarification does not appear to conflict with plaintiff's requested restriction -- as long as defendant's witnesses will not suggest it relied on evidence of a physical, emotional or mental restriction on plaintiff returning to work -- the court will grant plaintiff's fourth motion in limine as unopposed, subject to further argument, if any, by the parties at the FPTC.

**E. Motion in Limine #5: That the Wisconsin Equal Rights Division issued an Initial Determination on July 17, 2018, finding no probable cause on Plaintiff's disability discrimination claim under the Wisconsin Fair Employment Act, or otherwise mentioning Plaintiff's WFEA claim.**

Defendant objects to this motion. (*Id.*) First, defendant points out that the motion misstates plaintiff's Wisconsin Equal Rights Division ("ERD") claim, which alleged discrimination on the basis of sex and for opposing discrimination in the work place, rather than a disability discrimination claim. (*Id.*) Second, defendant contends that it has the right to present evidence as to plaintiff's previous ERD claim as it "affects the credibility of her new claim that the reason for the actions was related to the FMLA." (*Id.* at 4.) In

fairness to defendant, this evidence may have some relevance to the overall credibility of Simon's FMLA claims. However, its marginal probative value is outweighed by the prejudice that might be incurred by such evidence. *See* Fed. R. Evidence 403.

As an initial matter, FMLA and other types of discrimination claims are not mutually exclusive, and that the ERD found no probable cause for her Wisconsin Fair Employment Act ("WFEA") claims does not substantively relate to the FMLA claims raised in this case. Moreover, the ERD's jurisdiction is limited to claims brought under the WFEA, and, therefore, plaintiff could not have brought her FMLA claims before the ERD. Finally, and most importantly, none of these nuances are likely to be appreciated by a lay jury, and the real risk that ERD's earlier determination may be viewed as commentary on the merits of her remaining claim is too great to justify its admission.

## II. Defendant's Motions in Limine (dkt. #27)

### A. Motion in Limine #1: Motion in limine to preclude Plaintiff from presenting evidence regarding monetary damages.

Plaintiff does not object to this motion; it will accordingly be granted as unopposed.

### B. Motion in Limine #2: Motion in limine to bar Plaintiff from presenting evidence and testimony regarding the details of her injury on October 17, 2016.

Defendant argues that the details of plaintiff's injury "have no impact on her rights under the FMLA" and that such evidence would be unduly prejudicial. (Def.'s MIL (dkt. #27) 4.) Specifically, defendant argues that plaintiff may use the "traumatic experience" of the assault to "garner sympathy and invoke the emotions of the jury." (*Id.*) For support,

4

defendant cites to *Mayoza v. Heinold Commodities, Inc.*, 871 F.2d 672, 677 (7th Cir. 1989), in which the court concluded that potential provocation of sympathy from the jury is a valid consideration when deciding to exclude evidence under Rule 403.

Plaintiff objects to this motion. She argues that the evidence is "foundational" and needed to provide context to her claim. (Pl.'s Opp'n to Def.'s MIL (dkt. #47) 1-2.) Specifically, she argues that the jury is entitled to hear about the injury that led her to take FMLA leave, as well as hear evidence that she was medically cleared to return to work shortly after her injury. (*Id.*)

Although sympathetic to defendant's argument of undue prejudice, especially given that the details of the injury itself are not directly relevant to any elements of plaintiff's claim, the court recognizes the importance of providing context to the jury regarding this key event. Moreover, to the extent defendant wants to introduce evidence that a judgment was made not to return plaintiff to her previous REACH position, it would appear to be opening the door to this evidence. Regardless, at this point, the court will reserve on this motion subject to further argument by both parties at the final pretrial conference.

**C. Motion in Limine #3: Motion in limine to prevent Plaintiff from offering testimony that she requested Family Medical Leave Act ("FMLA") or any other leave.**

In support of this motion, defendant argues that plaintiff (1) never specifically requested to take FMLA leave, (2) did not fill out any FMLA paperwork, and (3) was placed on worker's compensation leave. (Def.'s MIL (dkt. #27) 5.) Defendant then perplexingly asserts that "the evidence conclusively establishes that Plaintiff never requested leave from CESA 5." (*Id.*) Plaintiff objects to this motion. (Pl.'s Opp'n to Def.'s

MIL (dkt. #47) 2.)

As explained in the court's summary judgment decision, an essential element of an FMLA interference claim is adequate notice of the employee's intent to take leave. *Goelzer v. Sheboygan Cty.*, 604 F.3d 987, 993 (7th Cir. 2010). Although the undisputed facts developed at summary judgment showed that Simon never specifically invoked the FMLA, the court further explained in its order that she was not required to do so. (Summ. J. Order (dkt. #42) 8-9.) To the extent that defendant's motion in limine asks to exclude evidence that the plaintiff never specifically requested FMLA leave, the court concurs that this evidence could be prejudicial to *plaintiff* as it might mislead a jury into thinking that the specific invocation of the *FMLA* is an element of the notice requirement. Moreover, defendant's request that plaintiff be prohibited from presenting evidence that she requested *any other* leave is wholly unsupportable. Such evidence is highly relevant to the notice element of plaintiff's claim, and the court can see no reason why defendant would face undue prejudice. For now, the court will reserve on this motion pending further clarification at the final pretrial conference, including a proffer from defendant as to what relevant evidence exists to put the question of notice in reasonable dispute.

**D. Motion in Limine #4: Motion in limine to bar testimony that a CESA 5 student was sexually harassing Plaintiff.**

Plaintiff states that "she does not intend to introduce evidence that her assailant sexually harassed her prior to causing her a concussion, unless Defendant opens the door to such facts by referring to her Equal Rights Division complaint." (Pl.'s Opp'n to Def.'s MIL (dkt. #47) 2.) Because the court will grant plaintiff's fifth motion in limine precluding

6

evidence regarding the ERD claim, the court will accordingly grant this motion as essentially unopposed.

### E. Motion in Limine #5: Motion in limine to bar Plaintiff from arguing to the jury that she has a right to reinstatement.

Defendant finally argues that plaintiff should be prohibited from arguing to the jury that she has a right to reinstatement because that issue is a question for the court's sole determination. (Def.'s MIL (dkt. #27) 6.) Defendant further suggests that the issue of *liability*, and not just remedies, should be tried to the court and not a jury. (*Id.* at 7.) Plaintiff responds:

> Defendant's fifth motion does not appear to be, in substance, a motion in limine. Rather, it appears to be a legal argument directed at what questions of fact the Court should submit to the jury. To the extent that Defendant is proposing that both the questions of liability and of the propriety of equitable relief be tried to the Court, Plaintiff has no objection to that proposal. This assumes, of course, that the Court is inclined to conduct a bench trial on all issues of fact and law.

(Pl.'s Opp'n to Def.'s MIL (dkt. #47) 2.) Regardless of whether the parties are now in agreement that all trial issues are best tried to the court, there appears an agreement that *all* remedies issues must be directed to the bench. Accordingly, the court will grant this motion, and take up the question as to who should act as the trier of fact on liability at Tuesday's FPTC.

ORDER

IT IS ORDERED that:

1) Plaintiff's motions in limine (dkt. #33) are GRANTED IN PART and RESERVED IN PART as follows

    a. Plaintiff's motion in limine #1 is GRANTED with the additional restriction that neither party may present evidence that CESA 5 did not offer Simon or ask her to apply for the 2017-2018 Alternative Program Teacher positions;

    b. Plaintiff's motions in limine #2, #3, #4, and #5 are GRANTED in accordance with the opinion above.

2) Defendant's motions in limine (dkt. #27) are GRANTED IN PART and RESERVED IN PART

    a. Defendant's motions in limine #1, #4, and #5 are GRANTED;

    b. Defendant's motions in limine #2 and #3 are RESERVED pending further discussion at the final pretrial conference.

Entered this 17th day of January, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge