IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SARAH SIMON,

                Plaintiff,

v.

COOPERATIVE EDUCATIONAL
SERVICES AGENCY NO. 5,

                Defendant.

OPINION AND ORDER

18-cv-909-wmc

---

On November 2, 2018, Sarah Simon filed suit against her former employer, Cooperative Educational Services Agency No. 5 ("CESA"), alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. Following a bench trial in March of 2020, this court agreed and entered a declaratory judgment in her favor. (Dkt. #63.) While finding no basis to award more than nominal monetary relief, the court did recognize Simon's right to move for an award of attorney's fees under 29 U.S.C. § 2617(a)(3). *Simon v. Coop. Educ. Serv. Agency #5*, 2021 WL 2024921, at *1 (W.D. Wis. May 21, 2021). Pending before the court is Simon's subsequent motion for attorney's fees (Dkt. #65.) For the reasons explained below, the court will award Simon her fees, but reduce the requested amount by forty percent.

BACKGROUND

In its May 20, 2021, post-trial opinion and order, the court ultimately found that "because of CESA 5's failure to reinstate [Simon] to pre-leave or an equivalent position, she had to work at a job that was below her professional capacity and involved fewer and substantially less meaningful responsibilities than her pre-leave position." *Simon*, 2021 WL

2024921, at *6. However, in considering the appropriateness of Simon's requested relief, the court found that neither reinstatement to her since restructured, pre-leave position nor requiring CESA to implement additional FMLA training were appropriate remedies under the specific circumstances. *Id*. at *7. Nevertheless, the court entered a declaratory judgment in favor of the plaintiff in order to "send a message to the defendant that it must better understand and fully respect its employees' FMLA rights." *Id*. As a result, the court also provided Simon an opportunity to seek her attorney's fees.

OPINION

Among the stated purposes of the FMLA is "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b). Thus, an employer is prohibited from interfering with an employee's attempt to exercise her rights to medical leave under the FMLA. 29 U.S.C. § 2615(a)(1). Moreover, "in addition to any judgment awarded to the plaintiff," the court "shall . . . allow a reasonable attorney's fee . . . to be paid by the defendant." 29 U.S.C. § 2617(a)(3).

In opposition to plaintiff's petition for attorney's fees, defendant CESA argues that: (1) the declaratory judgment in Simon's favor is not an "actual judgment" that triggers attorney's fees award under the FMLA (Def.'s Br. (dkt. #75) 2-3); and (2) absent an award of monetary damages, the attorney's fee-shifting provision of the FMLA is not triggered. *Id*. at 10.[1] Additionally, defendant argues that if the court decides to award attorney's fees,

---

[1] These two arguments are essentially the same since the defendant argues that a declaratory judgment with less than nominal award does not shift the attorney's fees to the plaintiff. Thus, the court will address these two arguments together.

2

the fees must be significantly reduced. *Id*. at 15. The court will address these arguments in turn.

### I. Declaratory Judgments and Attorney's Fee-Shifting under the FMLA

Based on the plain language of the FMLA, the court's entry of a declaratory judgment in plaintiff's favor would appear to mandate an award of reasonable fees. As an initial matter, this court looks to basic tools of statutory interpretation, *see, e.g., Estate of Moreland v. Dieter,* 576 F.3d 691, 695 (7th Cir.2009) ("the lodestar of statutory interpretation is legislative intent, and the plain language of the statute is the best evidence of that intent") (quotation marks and alterations omitted). Here, section 2617(a)(3) of the FMLA expressly mandates that this court "allow a reasonable attorney's fee" in addition to "*any judgment* awarded to plaintiff." (Emphasis added.)

Despite this plain language, defendant points to *Franzen v. Ellis Corporation*, 543 F.3d 420, 430 (7th Cir. 2008), as binding authority to the contrary. In *Franzen*, the Seventh Circuit also analyzed a plaintiff's right to an award of attorney's fees in an FMLA lawsuit, following a bifurcated trial in which a jury rendered a liability verdict in favor of the plaintiff, but the district court determined he was entitled to zero damages. 543 F.3d at 421, 430. Afterward, the court entered a final judgment for the defendant. Concluding that the only true "judgment" entered had been against the plaintiff, the district court further denied plaintiff's request for an award of attorney's fees. *Id*.

In its opinion, the Seventh Circuit upheld this ruling, explaining that "[t]he difference between [the case before it] and [those cases cited by the plaintiff] hinges on the difference between a judgment and a verdict." *Id*. at 432. In particular, the Seventh

3

Circuit held that "[a]n interlocutory jury verdict on the issue of liability alone . . . is insufficient to constitute a judgment awarded to the plaintiff." *Id*. at 431.  In so holding, the *Franzen* court further found, consistent with the FMLA's plain language, that the "actual judgment in favor of the plaintiff is a necessary triggering event for an award of attorneys' fees under the FMLA." *Id*. at 430; *see also Fast v. Cash Depot, Ltd.*, 931 F.3d 636, 641 (7thCir. 2019) (rejecting a claim for attorney's fees based on a summary judgment ruling, where "the district court *never entered a judgment* in [plaintiff]'s favor") (emphasis added).

Here, unlike in *Franzen*, judgment *was* awarded to and entered in favor of plaintiff. Given that the Seventh Circuit's focus is on the award of an actual judgment in plaintiff's favor, this court's previous entry of judgment for the plaintiff is dispositive.  (Dkt. #63.) Thus, the FMLA mandates that defendant pay a reasonable attorney's fee.

Finally, despite purporting to agree that a "prevailing party" standard is not applicable in FMLA's fee-shifting (Def.'s Br. (dkt. #75) 2), defendant points the court to non-FMLA cases that follow a "prevailing party" attorney's fee-shifting standard, rather than the FMLA's "any judgment" standard.  (Def.'s Br. (dkt. #75) 8); (citing *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (addressing "prevailing party" standard in the civil rights attorney's fee provision of 42 U.S.C. § 1988); *Hewitt v. Helms*, 482 U.S. 755, 759 (1987) (also addressing "prevailing party," fee-shifting provision under § 1988); and *Tunison v. Cont'l Airlines Corp.,* 333 U.S. App. D.C. 280, 162 F.3d 1187, 1190 (D.C. Cir. 1998) (addressing similar fee-shifting provision under the Air Carrier Access Act).  As defendant itself acknowledges, however, all of these cases are inapposite, as they apply a completely

4

different standard than that expressly adopted by the FMLA. Thus, based on the plain statutory language of the FMLA and Seventh Circuit precedent, plaintiff is entitled to an award of attorney's fees under the FMLA.

## II. Reduction of Plaintiff's Requested Attorney's Fees

While Simon requests attorney's fees in the amount of $99,622.71 (Pl.'s Br. at 1), § 2617(a)(3) of the FMLA allows an award of "reasonable" fees. To determine reasonable attorneys' fees, the court first calculates the "lodestar" amount by multiplying the number of hours reasonably expended by the appropriate hourly rates for attorneys. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court should exclude from this initial fee calculation hours that were not reasonably expended. *Id.* at 434. In *Hensley,* the Supreme Court noted that counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* (internal quotations and citations omitted) (emphasis in original). The lodestar can then be adjusted in light of other factors, including the results obtained. *Id.*

In addition to contesting the availability of a fee award, defendant CESA contests the amount of fees requested by plaintiff's counsel, arguing that the amount is unreasonable given the fact that Simon's attorneys: (1) spent time on unsuccessful claims; (2) failed to obtain more than nominal damages; and (3) seek fees that are duplicative, excessive and block billed. Regarding the first argument, the Seventh Circuit directs that

5

attorney's fees not be reduced if the claims raised were non-frivolous and relevant to the party's legal theory. For example, in *Wink v. Miller Compressing Co.*, 845 F.3d 821 (7th Cir. 2017), the Seventh Circuit reversed a district court's decision to reduce the attorney's fees spent on a failed interference claim in an FMLA case, holding:

> It's not as if her lawyers had dropped the ball in arguing that Miller had not only retaliated against her for claiming her FMLA rights but had also interfered with her efforts to assert them. The two FMLA breaches are very similar, so it was prudent for the lawyers to press both in order to reduce the likelihood of a total defeat. And because the claims were so similar and based largely on the same facts, the marginal cost of presenting the interference claim to the jury was slight.

*Id.* at 824. Here, plaintiff's counsel similarly raised reasonable claims that share a common core of facts based on her rights under the FMLA that this court found had been violated. As such, the court finds that fees spent in pursuing those claims were reasonable.

As for the second argument, defendant rightly points out that lodestar hours should be based on "various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Schlacher v. Law Office of Phillip J. Rotche & Associates, P.C.*, 574 F.3d 852, 856–57 (7th Cir. 2009). Moreover, while the fee award need not be proportionate to the amount of damages a plaintiff actually recovers, it is one factor that courts consider when contemplating a reduction of the modified lodestar amount. *Spegon v. Catholic Bishop of Chicago,* 175 F.3d 544, 558 (7th Cir.1999); *Schlacher*, 574 F.3d at 857 (holding that "fee awards should not be linked mechanically to a plaintiff's award, and that it cannot be the case that the prevailing party can never have a fee award that is greater than the damages award") (quotation marks and citations omitted). Thus, in contrast to defendant's argument, the standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome

6

of the case, with the degree of success obtained being but one of a number of factors used in determining a reasonable attorney's fees award. *Hensley,* 461 U.S. at 435.

In this case, the FMLA was enacted at least in part to encourage aggrieved employees and their counsel to bring lawsuits against employers for potential FMLA violations, which weighs in favor of awarding reasonable attorney's fees to prevailing plaintiffs, even if they win only in part. Otherwise, attorneys may be discouraged from representing plaintiffs whose rights have or appear to have been violated, especially when plaintiff's attorneys are on a contingency basis, as in this case, (Pl.'s Br. at 3,) at least if a claim is not essentially a lay down both as to liability *and* monetary damages. *Schlacher*, 574 F.3d at 857. Finally, despite no monetary damages being awarded, Simon achieved success in her FMLA suit: this court found that CESA's conduct had violated her rights in its award of a declaratory judgment. *Simon*, 2021 WL 2024921. Even so, the court agrees that the lack of any evidence of actual damages is grounds for a reduction in the fee award.

Regarding defendant's third argument that the requested fees are duplicative, excessive and block billed, the court also agrees in part. In particular, unlike in most contingency cases, defendant's legal invoices for this same case fall well below what plaintiff's attorneys now request. Indeed, at the court's direction, defendant was required to submit documents showing their actual attorney's fees in this case as a condition of disputing the amount of any award requested by plaintiff's counsel. Despite both sides fully and zealously litigating this case, the court cannot help but note that the total cost claimed by plaintiff's counsel is almost twice the amount that defendant's counsel spent. Plaintiff's attorneys billed hourly rates between $275 and $525 per hour, while defendant's

attorneys billed between $162 and $183 per hour. (Halstead Decl. (dkt. #68-5)); (Stadler Decl. (dkt. #76-3).) While higher hourly rates are not necessarily grounds to reduce an award, plaintiff neither provided a third-party declaration that the hourly rate charged was reasonable nor proof that it is a standard, hourly rate charged by counsel for non-contingency clients, beyond relying on the declaration of the attorney himself. The Supreme Court and the Seventh Circuit have instructed courts to rely on hourly rates that attorneys of comparable skill, experience, and reputation charge for similar work, making the difference between that charged to plaintiff and defendant a relevant factor. *See Blum v. Stenson*, 465 U.S. 886, 894 (1984); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 641 (7th Cir. 2011). In addition to comparing the attorney hours expended by the two parties in suit, the court cannot help but be struck by some instances of block billing by plaintiff's counsel.

Given the disparity between plaintiff and defendant's totals, the court has reason to believe that plaintiff's fees may well overstate what is reasonable. Additionally, it appears that defendant was paying for legal services during the case, while plaintiff's lawyer was operating on a contingency basis. (Pl.'s Br. at 3.) Normally, this results in at least similar incentives to be efficient with time spent. Here, however, the fact that plaintiff would never pay for counsel's services during or even after the lawsuit, at least calls into question whether plaintiff's counsel was sufficiently incentivized to allocate carefully the time actually spent in litigating this case (or at least in recording their time). Regardless, given the lack of proof of actual, regular billing and payment by existing clients at these high rates or an independent assessment of the reasonableness of these rates for the work

performed, the court finds that defense counsel's total of $49,469.31 actually invoiced to and paid by its client represents a more reasonable fee amount in this case. (Dkt. #76.)

Indeed, the difference between plaintiff and defendant's fee arrangements and hourly rates for comparable work, in combination with plaintiff's limited success in this case, merits a reduction in fees awarded to plaintiff's counsel. Accordingly, the court will award plaintiff $59,773.62 in fees, representing sixty percent of her counsel's requested award.

ORDER

IT IS ORDERED that plaintiff's motion for attorney fees, costs and expenses (Dkt. #65) is GRANTED IN PART AND DENIED IN PART. Plaintiff is awarded $59,773.62 in attorneys' fees and costs under 29 U.S.C. § 2617(a)(3). The clerk's office is directed to enter final judgment in this case consistent with this opinion.

Entered this 17th day of December, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge